STEVEN J. EYRE, CB# 119714
3550 WILSHIRE BOULEVARD, SUITE 1440
LOS ANGELES, CALIFORNIA 90010
(213) 385-6926
fax (213) 385-3313
email: stevenjeyre@gmail.com

Attorney for Plaintiff and Counter-defendant
JOSE MANUEL ZAMACONA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

321 North Spring Street, Los Angeles, CA 90012

| | |
|---|---|
| JOSE MANUEL ZAMACONA,<br><br>Plaintiff,<br><br>-vs.-<br><br>BRUNO AYVAR, et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | **No. CV 07-2767 ABC (FMOx)**<br><br>**JUDGMENT AND PERMANENT INJUNCTION**<br><br>**Hon. Audrey B. Collins** |

The Motion for Summary Judgment of plaintiff Jose Manuel Zamacona as to the Second Amended Complaint of plaintiff Jose Manuel Zamacona came regularly for hearing before the Court on December 1, 2008, the Hon. Audrey B. Collins, District Judge presiding, whereupon the Court GRANTED plaintiff's motion for summary judgment in relevant part and issued a permanent injunction, as indicated below. The Motion for Summary Judgment of counter-defendant Jose Manuel Zamacona on the counterclaims of Bruno Ayvar and Johnny Ayvar was GRANTED by the Court in favor of Jose Manuel

Zamacona on February 3, 2009.  The parties to the Second Amended Complaint other than defendants Bruno Ayvar and Johnny Ayvar having been dismissed without prejudice by order of the Court or by plaintiff pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, and the court having GRANTED the motions for summary judgment of plaintiff and cross-defendant Jose Manuel Zamacona against defendants and cross-complainants Bruno Ayvar and Johnny Ayvar,

IT IS ORDERED AND ADJUDGED as follows:

I.      JUDGMENT

1.      Judgment is hereby entered against defendants Johnny Ayvar and Bruno Ayvar in favor of plaintiff Jose Manuel Zamacona on the claim of trademark infringement of plaintiff's Second Amended Complaint, all other claims having been dismissed without prejudice.

2.      A Judgment of Dismissal is hereby entered against counterclaimants Johnny Ayvar and Bruno Ayvar and in favor of counter-defendant Jose Manuel Zamacona on all counterclaims of Johnny Ayvar and Bruno Ayvar set forth in their Counterclaim filed on August 14, 2007.

II.     PERMANENT INJUNCTION

3.      Defendants Johnny Ayvar and Bruno Ayvar, and their respective agents, servants, representatives, trustees, receivers, affiliates, attorneys, partners, officers, employees, and any and all persons, firms, corporations or other entities controlled by or in active concert, participation or privity with them, who receive actual notice of this order by personal service or otherwise, are hereby permanently ENJOINED and RESTRAINED from infringing upon or otherwise in any manner using the mark LOS YONICS in any manner, in any way connected or associated with live musical performances, including but not limited to using the mark in advertising, promoting or booking live performances and/or authorizing others to use the mark to reference live performances.  This injunction precludes Johnny Ayvar and Bruno Ayvar from, but is not limited to, causing, aiding, abetting, or assisting any person or entity in advertising for or conducting or presenting live

musical performances that in any way uses the LOS YONICS mark or any other name or mark which is confusingly similar thereto or derivative thereof.

    4.    Service of this Judgment and Permanent Injunction on counsel for Johnny Ayvar and Bruno Ayvar, as well as those persons represented by counsel in this action, shall be deemed actual and adequate notice of this Injunction to such persons.

III.      FEES, COSTS AND RETENTION OF JURISDICITON

    5.    An award of plaintiff's attorney's fees shall be subject to plaintiff's application and motion pursuant to F.R.Civ.P. 54 and Local Rule 54-1 et seq., and the granting of such application and motion by the Court.

    6.    Plaintiff is awarded costs of suit in an amount to be determined by the Clerk of the Court.

    7.    The Court shall retain jurisdiction to enforce the permanent injunction included in this judgment, as well as to consider any post-trial motions relating to damages or an award of attorney's fees.

    8.    Plaintiff is hereby authorized to engage in post-judgment discovery as necessary to ensure compliance with the Court's Judgment and Permanent Injunction.

    IT IS SO ORDERED.

Dated: February 09, 2009

                _____

                HON. AUDREY B. COLLINS
                UNITED STATES DISTRICT JUDGE

*Zamacona v. Ayvar*/ CV-07-0727 ABC (FMOx)    **[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION**